**ARMOUR & Co. v. BELTON NAT. BANK.***

Circuit Court of Appeals, Fifth Circuit.
December 12, 1927.

No. 5106.

1. **Banks and banking** ⬅192—**Bank had authority to purchase shipper's drafts drawn on consignee.**

Bank had authority to purchase drafts sued on, which shipper drew on consignee, one of defendants, for turkeys shipped.

*Rehearing denied January 7, 1928.

2. **Corporations** ⬅457—**Corporation authorized by charter to buy turkeys could make valid agreement to honor drafts in payment therefor.**

Corporation, having authority under its charter to buy turkeys, could make valid agreement to honor drafts as method of making payment therefor.

In Error to the District Court of the United States for the Western District of Texas; Charles A. Boynton, Judge.

Action by the Belton National Bank against Armour & Co. and another. Judgment for plaintiff, and defendant named brings error. Affirmed.

Mark McMahon, of Fort Worth, Tex. (W. C. Kirk, of Chicago, Ill., and Cantey, Hanger & McMahon, of Fort Worth, Tex., on the brief), for plaintiff in error.

Jas. B. Hubbard, of Belton, Tex. (A. L. Curtis and Tyler & Hubbard, all of Belton, Tex., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This case appears here for the second time. The essential facts upon which it depends appear in the opinion on the former writ of error (11 F.[2d] 929), and need not be restated. We there held that the bank was entitled to recover if it was the intention of Armour & Co. that its letters and telegrams to Bassel Bros. authorizing drafts were intended to be communicated to the bank, and if the bank bought the drafts sued on upon the faith of such letters and telegrams. We further held that the evidence as to these matters was sufficient to authorize the jury to find in favor of the plaintiff. We are still of the same opinion, and must decline to consider again the sufficiency of the evidence to support the verdict that was returned for plaintiff on the second trial.

[1, 2] The only new questions raised on this writ of error are that the bank did not buy the drafts, but made loans to the drawers thereof in excess of 10 per cent. of its capital stock and surplus, in violation of Revised Statutes, § 5200 (12 USCA § 84), and that the charter of defendant Armour & Co. does not authorize it to enter into contracts of guaranty, or to issue letters of credit. The inference sought to be drawn is that the acts of both the bank and Armour & Co. were ultra vires. These defenses become wellnigh frivolous, and at once disappear, if plaintiff's evidence be accepted as true; for, according to it, the bank did not make any loan, but bought drafts, which Armour &

Co. agreed to take up in payment for turkeys. That the bank had authority to purchase drafts goes without saying. It is conceded that the buying of turkeys was within the charter powers of the defendant; and it obviously follows from this that as a means to an end it could make a valid agreement to honor drafts as a method of making payments.

The judgment is affirmed.